## KAVANAUGH *vs.* THE STATE BANK.

1. Under the act of February 11, 1850, (Pamphlet Acts, 34,) which abolished the County Courts, the Circuit Court has jurisdiction of a motion against a sheriff for failing to pay over money collected on an execution which was issued from the County Court before its abolition.

ERROR to the Circuit Court of Tuskaloosa.

Tried before the Hon. THOMAS A. WALKER.

This was a summary proceeding by motion, made at the September term, 1850, of the Circuit Court of Tuskaloosa, against the plaintiff in error, as sheriff of Madison county, for failing to pay over money collected by him on an execution, which issued from the County Court of Tuskaloosa before its abolition, on a judgment previously rendered in said court, in favor of the Bank against Joseph Cloyd, Geo. W. Drake and Thomas McCrary.

The sheriff appeared by attorney, and insisted that the Circuit Court had no jurisdiction to proceed against him in this summary way, inasmuch as said execution was issued from the County Court before its abolition; but the court ruled otherwise, to which he excepted, and now assigns its ruling for error.

E. W. PECK, for plaintiff in error.

P. & J. L. MARTIN, *contra.*

CHILTON, J.—The only question in this case is, has the Circuit Court, to which the records and papers of the County Court have been transferred by the act of 11th February, 1850, jurisdiction of a motion against the sheriff for failing to pay over money collected by virtue of an execution issued from the County Court before said court was abolished.

The statute authorizing such motions, requires them to be made in the court in which the judgment was rendered. Clay's Dig. 218. And it follows, that, unless the statute above referred to, abolishing the County Court, and transferring its papers, records, &c., to the Circuit Court, gives the latter court jurisdiction, it had no right to proceed in this case.

The thirty-sixth section of that act provides for depositing the papers and records of the County Courts in the office of the clerks of the Circuit Courts, and for the issue, by the clerks of the Circuit Courts, of writs of execution, of *scire facias,* and of error, and for giving exemplified copies of the record, &c. The forty-second section repeals all laws contravening the provisions of the act. The forty-third enacts that the same jurisdiction and system of practice which the County Courts possessed, saving the jurisdiction conferred by the act on the Probate Court, should be conferred on the Criminal Court of Mobile county. The forty-fourth section increases the salary of the judge of said Criminal Court; and the forty-fifth section provides as follows: "*Be it further enacted,* That sheriffs and other officers shall be liable to the same proceedings by summary notice, for failing to execute or return process, or for failing to collect or pay over money, as heretofore existing under former laws."

The counsel contends, that the section of the act last quoted has reference to the Criminal Court alone, and has no applicability to the Circuit Courts. If this construction be correct, the section was altogether supererogatory; for none of the records or papers of the County Court are, by the act, transferred to the Criminal Court, and by the forty-third section, jurisdiction is conferred upon the Criminal Court co-

extensive with the powers before vested in the County Courts, except so far as the act confers powers on the Probate Court, which it creates. So that this court would, aside from the forty-fifth section, have ample jurisdiction of such motions, in respect of its own process, under the general law, and can take none upon process issued by the County Court, as none is made returnable to that court.

But it is needless to pursue the subject. We do not entertain a doubt but that the forty-fifth section was intended to put to rest the very question here raised. For it might very reasonably have occurred to the legislature, that, inasmuch as these summary motions imposed in some cases heavy penalties upon defaulting officers, it might well be argued that they were not given upon process issued out of the County Court after that court was abolished. Hence, an express declaration of the legislative intention, that the sheriffs and other officers should be liable to the same proceedings by summary notice, &c. The section is general in its terms, and we see no reason for restraining its operation to the Criminal Court, which needed no aid from it to render its jurisdiction complete; whereas, the Circuit Courts, without it, are powerless to afford such relief upon process issued on judgments rendered by the County Court—and every reason which prompted to the enactment of the summary remedy pursued, or which forbids its repeal, is available as a motive which may be supposed to have influenced the legislature in conferring the jurisdiction in cases like the one before us. Indeed, the act of transfer would have been wanting in completeness without such provision, as it would have deprived parties of summary remedies they would otherwise have had, and which were afforded to other plaintiffs in judgments.

It is said these summary remedies are penal in their character, and should be strictly construed; that they cannot be aided by intendment. This may be conceded, without at all interfering with the position we have attempted to sustain; for we are called on, not to construe the statute giving the summary remedy, but the remedial statute abolishing an inferior court, and conferring its jurisdiction upon another and higher tribunal. It would be difficult to conceive of a reason for rendering the Circuit Court less efficient in affording

remedies to parties who had been referred to it, than the County Court was, or the same court is as to parties who have obtained judgments in it.

It remains but to add, that the judgment of the Circuit Court must be affirmed.